# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 18, 2014          Decided April 18, 2014

No. 12-7106

CORWIN TELTSCHIK,
APPELLANT

v.

WILLIAMS & JENSEN, PLLC, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-00089)

*Leonard Thomas Bradt* argued the cause and filed the briefs for appellant.

*John Tremain May* argued the cause and filed the brief for appellees.

Before: HENDERSON, ROGERS, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:  For more than a decade, Corwin Teltschik served as treasurer of the Americans for a

Republican Majority Political Action Committee. Near the end of Teltschik's tenure, the Federal Election Commission opened an investigation into alleged discrepancies in ARMPAC's financial reporting. The investigation concluded with a Conciliation Agreement between the Commission and ARMPAC. ARMPAC conceded that it had violated federal election laws and agreed to pay a civil penalty of $115,000 and terminate operations. Teltschik was named in the Agreement in his official capacity as treasurer of ARMPAC.

Teltschik then brought this diversity suit against Williams & Jensen, a law firm that represented ARMPAC, and three Williams & Jensen lawyers. Teltschik alleged that the defendants failed to keep him informed about the Commission's investigation of ARMPAC, signed documents on his behalf without his permission, and defamed him in the Agreement. As relevant here, Teltschik asserted claims for defamation and negligence and sought general reputation damages.

Over the course of several years and several stages of the litigation, the District Court dismissed or granted summary judgment to the defendants on each of Teltschik's claims. Two aspects of its decisions are relevant here. First, applying D.C. law, the District Court concluded that Teltschik's defamation claim based on the signing of the Conciliation Agreement was barred by the judicial privilege. *See Teltschik v. Williams & Jensen, PLLC*, 683 F. Supp. 2d 33, 53-54 (D.D.C. 2010). Second, the Court concluded that Teltschik's remaining negligence claim was barred under D.C. law because a "plaintiff should not be permitted to recover damages for the loss of his reputation in a negligence action, when the alleged damage to his reputation was caused by a defendant's published communication and that communication was the basis of a failed defamation claim."

*Teltschik v. Williams & Jensen, PLLC*, No. 08-cv-089, 2012 WL 3960607, at *1 (D.D.C. Sept. 10, 2012) (internal quotation mark omitted).

Teltschik now appeals, primarily asserting that the District Court erred in its resolution of those two issues. We review de novo the District Court's determinations of D.C. law. *See Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991). Applying that de novo standard, we disagree with each of Teltschik's arguments.

*First*, Teltschik argues that the judicial privilege does not bar his defamation claim against the defendants. Under the judicial privilege recognized by D.C. law, an attorney "is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001) (quoting RESTATEMENT (SECOND) OF TORTS § 586 (1977)), *overruled in part on other grounds by McNair Builders, Inc. v. Taylor*, 3 A.3d 1132 (D.C. 2010). The privilege also applies in certain quasi-judicial proceedings. *See Arneja v. Gildar*, 541 A.2d 621, 623 (D.C. 1988).

Teltschik's defamation claim is based on statements contained within the Conciliation Agreement reached between the Commission and ARMPAC, and therefore is encompassed within the judicial privilege. Teltschik contends that the judicial privilege nonetheless should not apply because the defendants were not adverse to Teltschik in the Commission proceeding. But under D.C. law, the judicial privilege is not limited to defamatory statements by an attorney about his or

her adversary. Rather, the judicial privilege broadly covers statements by judges, court officers, jurors, and witnesses, so long as the speaker is involved in the proceeding and the allegedly defamatory statements are made in the course of or preliminary to the proceeding and bear some relation to the proceeding. *See Oparaugo v. Watts*, 884 A.2d 63, 79-81 (D.C. 2005). Therefore, under D.C. law, the judicial privilege bars Teltschik's defamation claim.

*Second*, Teltschik argues that even if his defamation claim is barred by the judicial privilege, he is entitled to pursue a negligence action based on the allegedly defamatory communication. But no D.C. case holds that a plaintiff may maintain a negligence action for a defamatory statement when the defamation claim would be barred. And the general rule in state courts is that a negligence suit cannot proceed in those circumstances. *See, e.g.*, *Lawrence v. Grinde*, 534 N.W.2d 414, 419-20 (Iowa 1995). In other words, plaintiffs complaining about a defamatory statement cannot end-run the requirements for a defamation claim by pleading it as a negligence claim. We agree with the District Court that we should not recognize such a novel claim under D.C. law.

We have considered all of Teltschik's arguments. We affirm the judgment of the District Court.

*So ordered.*